IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00210-BNB

ROBERT LOREN TURLEY,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO,
PAMELA PLOUGH, Warden Skyline Correctional Center, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN WILLIAM SUTHERS,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Robert Loren Turley, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Skyline Correctional Center in Cañon City, Colorado. Mr. Turley initiated this action by filing *pro se* on January 28, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in Case No. 05CR402 in the District Court of Douglas County, Colorado. Mr. Turley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On February 4, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). ECF No. 4. On March 26, 2013, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 10). On April 18,

Case 1:13-cv-00210-LTB   Document 12   Filed 05/02/13   USDC Colorado   Page 2 of 11

2013, after being granted an extension of time, Mr. Turley filed a reply (ECF No. 11) to the pre-answer response.

The Court must construe Mr. Turley's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of jurisdiction and as barred by the one-year limitation period.

On July 17, 2006, Mr. Turley pleaded guilty in Douglas County District Court Case No. 05CR402 to theft of more than $500 but less than $15,000, a class-four felony (ECF No. 10, ex. A (state court register of actions) at 11; ex. D (*People v. Turley*, No. 07CA2338 (Colo. Ct. App. Nov. 5, 2009) (not published) at 2), and on December 18, 2006, was sentenced to two years of probation. ECF No. 10, ex. A at 2, 10-11. Mr. Turley did not appeal directly from his conviction and sentence.

On February 27, 2007, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (ECF No. 10, ex. A at 9), which the trial court summarily denied on November 8, 2007. ECF No. 10, ex. A at 9. The Colorado Court of Appeals affirmed the trial court's order. ECF No. 10, ex. D. On March 8, 2010, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. F.

On February 24, 2010, while the petition for writ of certiorari was pending, the trial court entered an order finding "[t]hat defendant's sentence to probation has terminated." ECF No. 10, ex. A at 6.

On April 26, 2010, Mr. Turley filed a second Colo. R. Crim. P. 35(c) motion for postconviction relief. ECF No. 10, ex. A at 6. On August 4, 2010, finding that the motion was timely, the trial court denied the motion as successive and because it "failed to state adequate factual or legal grounds" in support. ECF No. 10, ex. A at 5, ex. B (August 4, 2010, order) at 2. The Colorado Court of Appeals affirmed, but for a different reason, concluding that the motion was untimely. ECF No. 10, ex. H (*People v. Turley*, No. 10CA1779 (Colo. Ct. App. May 31, 2012) (not published)). On November 27, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. J. On January 28, 2012, Mr. Turley filed the instant habeas corpus application.

Mr. Turley asserts six claims:

(1) "Plea counsel was ineffective for failing to investigate in the early stages of court proceedings" (ECF No. 1 at 5);

(2) "Plea counsel told Applicant that he had to plead guilty even though Applicant wanted to go to trial instead" (ECF No. 1 at 6);

(3) "Plea counsel was ordered by Margaret B. Funk with Attorney Regulation Counsel to return all exculpatory evidence back to Applicant" (ECF No. 1 at 6);

(4) "There was a potential conflict of internist [sic] due to the fact that plea counsel was representing Applicant on other [sic] case in another jurisdiction" (ECF No. 1 at 6);

(5) "Applicant through his due diligence brought forth new evidence which was not known previously by him or plea counsel, and was later discovered by Applicant several years after his conviction" (ECF No. 1 at 7); and

(6) "Plea counsel on July 31st 2008 entered into an agreement with the Attorney Regulation Counsel for the mishandling of Applicant's other cases." (ECF No. 1 at 7).

Respondents argue that Mr. Turley fails to meet the "in custody" requirement

under § 2254(a) because the conviction he challenges has expired and he fails to allege adequately any exception to the custody requirement.

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "The 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). "[O]nce a prisoner's sentence expires, he [or she] is no longer 'in custody' under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254." *Broomes*, 358 F.3d 1254 (citing *Maleng*, 490 U.S. at 492).

The expired-conviction rule does not apply where the application asserts a challenge to a sentence currently being served that is enhanced by an allegedly invalid, fully expired, prior conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). Although a *pro se* pleading is to be read liberally, a statement of intent to challenge a current sentence, though fleeting, must be explicit. *Compare McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (habeas corpus application fairly could be read to assert challenge to later sentence where footnote asserting that because 2001 convictions were used to enhance 2004 sentence, application was filed in part to attack that enhancement), *with Neiberger v. Rudek*, 450 F. App'x 719, 725 (10th Cir. 2011) (application could not fairly be read to assert challenge to later sentence where applicant failed to identify later criminal sentence or make a particularized

4

argument that the later sentence was enhanced by the earlier convictions; the application stated merely that "anytime a prior conviction is used to enhance[,] it is always open for collateral attack"; and on appeal there was "a fleeting suggestion that 'Judgments and Sentences' — presumably those obtained in 1984 — were 'used to enhance punishment in this case being appealed'").

In the instant action, the trial court on February 24, 2010, entered an order finding "[t]hat defendant's sentence to probation has terminated." ECF No. 10, ex A at 6. As such, Mr. Turley's sentence has expired, and he no longer is in custody pursuant to the conviction he is challenging.

Moreover, Mr. Turley fails to allege any exception to the custody requirement. Nowhere--not even in part--does the application attack his current sentence. The application lists only Douglas County District Court Case No 05CR402 as the conviction under attack. ECF No. 1 at 1-2. The only mention of his current sentence--the only sentence he now is serving--is in his description of the type and length of the sentence imposed in No. 05CR402 as "2 years['] probation to run concurrent with 04CR2447." ECF No. 1 at 2; *see also* ECF No. 10 at 5. Because the application cannot fairly be read to challenge the current sentence, Mr. Turley is not in custody on the conviction being challenged. This Court lacks jurisdiction to consider the instant application.

Respondents also argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Turley's criminal case became final. The sentence in Mr. Turley's criminal case was entered on December 18, 2006, when he was sentenced to two years of probation. Because Mr. Turley did not file a direct appeal, the Court finds that his conviction became final on February 1, 2007, forty-five days after he was sentenced. *See* Colo. App. R. 4(b) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). As such, the one-year statute of limitations began to run on February 2, 2007, the next

business day after the conclusion of the time to appeal.

The Court next must determine whether any of Mr. Turley's state court postconviction proceedings tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a post-conviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 25 days before Mr. Turley filed his first Colo. R. Crim. P. 35(c) motion on February 27, 2007. Tolling continued until the Colorado Supreme Court denied certiorari review on March 8, 2010. The limitations period ran for another 49 days, until Mr. Turley filed his second post-conviction motion on April 26, 2010.

However, the second Colo. R. Crim. P. 35(c) motion did not toll the limitations period because it was not a "properly filed" application for state postconviction or other collateral review. 28 U.S.C. § 2244(d)(2). As previously stated, the Colorado Court of Appeals found that the second Rule 35(c) motion was untimely. ECF No. 10, ex. H.

An application for postconviction review is properly filed within the meaning of §

2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). The second Colo. R. Crim. P. 35(c) motion could not have tolled the one-year limitation period under § 2244(d)(2) because that motion was untimely. *See id.*; *see also Sandles v. Denver Downtown Correctional Facility*, No. 10-cv-01386-BNB, 2010 WL 3730346, at *4 (D. Colo. Sept. 16, 2010) (not published) (citing *Habteselassie* for the proposition that an untimely postconviction motion will not toll the one-year limitation period). As a result, 691 days elapsed between when the Colorado Supreme Court denied certiorari review of Mr. Turley's first Colo. R. Crim. P. 35(c) motion on March 8, 2010, until January 28, 2012, when Mr. Turley filed the instant habeas corpus application in this Court. The second Colo. R. Crim. P. 35(c) motion failed to toll the one-year limitations period because it was not properly filed. Therefore, 716 (25 + 691) days elapsed by the time Mr. Turley initiated the instant action. As a result, the instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id*. at 324. Mr. Turley's ignorance of the law does not justify the extraordinary remedy of

equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010).

In his reply (ECF No. 10) to the pre-answer response, Mr. Turley makes vague allegations that the one-year limitation period should be equitably tolled because any delays were caused by his original trial counsel failing to return exculpatory evidence, even after being ordered to do so by Margaret B. Funk with Attorney Regulation Counsel. ECF No. 11 at 3.  Mr. Turley is not entitled to equitable tolling based on his state trial counsel's failure to return exculpatory evidence.  His counsel's failure did not prevent Mr. Turley from pursuing his postconviction remedies himself, or seeking federal review in a timely manner.  Mr. Turley's explanation is insufficient to account for his failure to file the instant § 2254 application within the one-year limitations period dictated by § 2244(d).  *See Marsh*, 223 F.3d at 1220 ("Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").  Accordingly, Mr. Turley has failed to raise any convincing reason for this Court to toll the one-year limitations period.  Therefore, under § 2244(d), Mr. Turley is time-barred from filing a federal habeas corpus action in this Court.  Because the action is time-barred, the Court will refrain from addressing whether Mr. Turley has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Turley files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed for lack of jurisdiction and as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  2nd  day of      May         , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court